**Robert HANNAH et ux., Plaintiffs,**

v.

**Earl BUTZ et al., Defendants.**

**No. EC 76–175–S.**

United States District Court,
N. D. Mississippi, E. D.

June 23, 1977.

Solomon C. Osborne, North Miss. Rural Legal Services, Greenwood, Miss., for plaintiffs.

Falton O. Mason, Asst. U. S. Atty., Oxford, Miss., for defendants.

Robert B. Marshall, Jr., West Point, Miss., for J. H. Bryan, Inc.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiffs Robert and Dorothy Hannah bring this action against J. H. Bryan, Inc. (Contractor), a Mississippi citizen, the United States of America, the Secretary of Agriculture and certain named officials of the Farmers Home Administration (FmHA), (hereafter the Federal Defendants). Plain-

tiffs' pray for monetary, declaratory and injunctive relief.

A study of the file produces the following.

The residence in question was constructed by the contractor, presumably on land owned by him, and sold to David Hall and wife Reba P. Hall, on or about October 6, 1972. The purchase of the residence was financed by FmHA.

Hall and his wife executed a note and deed of trust to FmHA on October 6, 1972 to evidence the transaction. The amount involved in the transaction was $14,400.00. Prior to the sale of the residence, the Clay County Supervisor of FmHA, on June 27, 1972, inspected the building site and approved the pouring of the foundation. The FmHA Assistant County Supervisor, on October 4, 1972, inspected the building and found it to be 100% complete. The FmHA construction inspector inspected the yard to the dwelling on October 9, 1973, and found it to be 100% complete.

Plaintiffs purchased the property on or about July 5, 1973, and assumed the mortgaged debt of Hall and wife to FmHA. The assumption agreement was executed by plaintiffs and the County Supervisors of FmHA on July 5, 1973. The principal amount of the assumed debt was $14,284.68. Interest due amounted to $317.18.

Plaintiffs allege that Hall and his wife and plaintiffs discovered in 1972 and 1973 that the plans and specifications for the building were inadequate; that the construction site was deficient and improper; and that the building was constructed in a shoddy manner with the use of inferior materials. They allege the breach of an express and implied contract between them, the contractor and FmHA, as a result of which they were not furnished with a decent, safe and suitable dwelling as contemplated by FmHA regulations.

Plaintiffs allege that they are poor people; that they were forced to rely heavily on the expertise, judgment and skill of FmHA and the contractor in the acquisition of their home; that as soon as the defects were noticed, they made, and continued to make, complaints and requests to FmHA and the contractor, but have been unable to secure corrective action on the part of either.

Plaintiffs sue the government and Federal Defendants for an alleged breach of duty in connection with the construction of the dwelling and with failure to comply with the regulations established for the handling of such matters in the Code of Federal Regulations, primarily 7 C.F.R. § 1804.53 (1976). They also sue the contractor for breach of express and implied warranties arising out of contract.

In Count I of the complaint plaintiffs seek a mandatory injunction directing the contractor, the United States of America and FmHA to make such repairs and replacements in and to the dwelling as are necessary to fulfill the provisions of the contract and to furnish plaintiffs with a suitable dwelling, according to FmHA regulations. In Count II plaintiffs sue for money damages resulting from the breach of the contract. In Count III plaintiffs seek a declaratory judgment prescribing the rights to which they are entitled.

As for the relief to which they are entitled plaintiffs seek preliminary and permanent injunctions enjoining the contractor from continuing to fail or refuse to make such repairs to their home as are necessary to provide plaintiffs with a "decent, safe and sanitary dwelling" and ordering the contractor to make such repairs forthwith. Plaintiffs also seek damages from the contractor in the sum of $5,000.00 to cover injury to the value of the house, the sum of $2,000.00 to cover the loss of use of the residence, the sum of $1,000.00 for destruction of and injury to personal property, the sum of $5,000 for damages caused by impairment of health of personal suffering of plaintiffs, and the sum of $5,000.00 in exemplary damages. Plaintiffs also seek damages for any losses suffered after the filing of the suit and their costs and attorney fees.

Against the Federal Defendants, plaintiffs seek injunctive relief enjoining them

from failing to enforce such rights as they may have to require the contractor to make such repairs of plaintiffs' house as are necessary to provide plaintiffs with a "decent, safe and sanitary dwelling." Plaintiffs also seek a declaratory judgment against the Federal Defendants to the effect that their failure to faithfully perform their duties to plaintiffs has resulted in a failure of consideration for plaintiffs' indebtedness to FmHA, as a result of which their obligation to continue payments on the mortgage debt has been terminated.

Plaintiffs also seek a monetary judgment against the Federal Defendants for compensatory damages in the same amounts as demanded of the contractor and for their costs of suit and attorney fees.

The Federal Defendants have filed a motion to dismiss or in the alternative for a summary judgment, supporting the motion with affidavits. Plaintiffs have answered under oath interrogatories submitted to them by the Federal Defendants.

After a consideration of the documents on file and the memoranda of the parties the court has concluded that the motion is well taken and should be sustained.

There has been no record of the proceedings before the FmHA presented to the court. There has been no formal action taken by FmHA. The record reflects that oral requests were made by plaintiffs to FmHA officials for assistance in the settlement of their difficulties with the contractor. Plaintiffs charge that their requests have not been answered.

■ The injunctive and declaratory relief sought by plaintiffs, in essence, calls for a decree of specific performance of an implied or express contract to furnish plaintiffs with a "decent, safe and sanitary dwelling", whatever that might mean. The plaintiffs' right of action, if any, should be for monetary relief, not injunctive relief, for the court is ill-equipped and, in fact, incapable of superintending the specific performance of any building contract. 13 Am.Jur.2d, *Building and Construction Contracts,* § 112 (1964); *Texas and Pacific R.* *Co. v. City of Marshall,* 136 U.S. 393, 406, 10 S.Ct. 846, 849, 34 L.Ed. 385, 390 (1889).

The motion for summary judgment on the issue of injunctive and declaratory relief appears to be well taken and should be sustained.

■ The plaintiffs sue the United States and its officers for monetary damages. If the demand is based on negligence or any wrongful act of the United States or any of its officers, the suit cannot be entertained because of the failure of plaintiffs to submit their claim for money damages to the appropriate Federal Agency, The United States Department of Agriculture, as required by 28 U.S.C. § 2675(a).

■ The plaintiffs fare no better under the contract theory of the case. The FmHA did not select the contractor, this having been done by Hall and his wife, and plaintiffs assumed the obligations of the Halls. In 7 C.F.R. § 1804.4(d) (1976) it provides in part "[t]he United States (including FmHA) will not become a party to a construction contract nor incur any liability thereunder." The plaintiffs have not produced any authority to justify the court in holding that they are authorized by statute or government regulations to sue the Federal Defendants for money damages. It is well established that the United States, as sovereign, is immune from suit except as it consents to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1975); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

■ The court is also of the opinion that the facts and circumstances concerning the subject transaction shown to exist by the record do not entitle plaintiff to a judicial review, as contemplated by 5 U.S.C. §§ 701–706.

The court finds that the pleadings, answers to interrogatories, together with the affidavits on file, show that there is no genuine issue as to any material fact and that the Federal Defendants are entitled to a judgment as a matter of law. The motion of the Federal Defendants for summary

judgment is well taken and should be sustained.

The action of plaintiffs against the Mississippi contractor presents a state claim over which the court does not have original jurisdiction because of lack of diversity. The rule which decides this issue is announced by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), where the court said:

> Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228 (footnote omitted)

The court finds that plaintiffs' suit against the contractor should be heard in a court of the State of Mississippi. Upon the granting of summary judgment for the Federal Defendants, the court concludes that the action against the contractor should be dismissed for lack of jurisdiction.

An appropriate order will be entered by the court.